UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| KELLY H.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-00751-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's application for Supplemental Security Income disability benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court REVERSES and REMANDS defendant's decision to deny benefits.

## ISSUES FOR REVIEW

A. Did the ALJ err in assessing the medical source evidence?

B. Did the ALJ err in assessing plaintiff's subjective symptom testimony?

C. Did the ALJ err in addressing new evidence?

D. Did the ALJ err in assessing lay witness testimony?

## BACKGROUND

On July 27, 2012, ALJ David J. DeLaittre found plaintiff disabled as of September 1, 2009. AR 136-140. On July 13, 2016, it was determined that plaintiff was no longer

1

disabled as of July 13, 2016. AR 144. On July 25, 2018, a hearing was held in front of ALJ Eric S. Basse where plaintiff appeared *pro se*, and on January 24, 2019, the decision became final. AR 144-151. Plaintiff did not appeal this decision and it became final and binding.

Plaintiff filed her current applications on July 29, 2019. AR 18. On March 22, 2021, a hearing was conducted by ALJ William Leland and plaintiff again appeared *pro se*. AR 103-131. On May 4, 2021, ALJ Leland issued a decision finding that plaintiff was not disabled. AR. 18-33.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## DISCUSSION

In this case, the ALJ concluded that plaintiff had the severe, medically determinable impairments of fibromyalgia, migraines, plantar spur of the left foot, small amount of osteoarthritis in the left knee, post sleeve resection for bronchial carcinoid, asthma, irritable bowel syndrome, gastroesophageal reflux disease, polycystic ovarian syndrome, post-viral fatigue syndrome, obesity, depressive disorder, borderline personality disorder, anxiety disorder, panic disorder, selective mutism and sensory processing disorder, attention deficit hyperactivity disorder. AR 21.

Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a reduced range of sedentary work. AR 24. Relying on the vocational expert ("VE") testimony, the ALJ found that plaintiff could not perform past relevant work but could perform jobs existing in significant numbers in the national economy. AR 31-32. The ALJ found that plaintiff was not disabled. AR 32-33.

A. Medical Opinion Evidence

Plaintiff filed the claim on July 29, 2019, so the ALJ applied the 2017 regulations. *See* AR 18. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2). *Id.* "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing explanation supported by substantial evidence." *Id*. at 792.

**1. Dr. Margret Cunningham.**

Margret Cunningham, Ph.D., examined plaintiff on March 12, 2019. AR 435-440. Dr. Cunningham's evaluation consisted of a clinical interview and a mental status examination. *Id*. Dr. Cunningham diagnosed plaintiff with major depressive disorder, recurrent, severe without psychotic features, generalized anxiety disorder, and panic disorder. AR 437. She noted that plaintiff presented as anxious and her thought process and content, concentration, and insight and judgment were not within normal limits. AR 436, 440. Dr. Cunningham completed a medical source statement where she opined that plaintiff had marked social and cognitive limitations in the following areas: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, adapt to changes in a routine work setting, maintain appropriate behavior in a work setting, complete a normal workday and work week without interruptions from psychologically based symptoms, and set realistic goals and plan independently. AR 438. She rated an overall severity limitation of marked. *Id*. She additionally opined that plaintiff is unable to function in several areas including social and occupational. AR 437.

The ALJ found Dr. Cunningham's observations unpersuasive because, (1) the "marked" limitations were a significant overstatement based on plaintiff's own reporting during the exam, (2) Dr. Cunningham based her opinion on this singular examination,

1 and (3) her opinion was inconsistent with contemporaneous treatment records from
2 Compass Health that evidenced that plaintiff was experiencing some benefit from
3 therapy and medication management. AR 29-30.

4     Regarding the ALJ's first reason, Dr. Cunningham utilized objective measures
5 such as a clinical interview and a mental status examination in forming her opinion, and
6 there is no evidence she relied largely on plaintiff's self-reports. *See Buck v. Berryhill*,
7 869 F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are
8 "objective measures" which "cannot be discounted as a self-report.").

9     The ALJ's second reason for rejecting Dr. Cunningham's opinion — that it was
10 based on a single examination — is not a valid reason on its own. An ALJ may consider
11 the extent of the relationship between a doctor and the claimant — but must provide a
12 substantive explanation as to how that factors into the ALJ's assessment of the
13 provider's opinions. *See Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014)
14 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("[A]n ALJ errs when he
15 rejects a medical opinion or assigns it little weight while doing nothing more than
16 ignoring it, asserting without explanation that another medical opinion is more
17 persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis
18 for his conclusion.")). The mere fact that Dr. Cunningham saw plaintiff a single time
19 does not undermine her opinions, particularly where the ALJ relied on opinions from
20 doctors who did not see plaintiff at all. *See* AR 30-31.

21     As to the ALJ's third reason, a finding that an impairment is successfully
22 managed with treatment can serve as a clear and convincing reason for discounting a
23 claimant's testimony. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (the

24

25

effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability).

Here, the record reflects that plaintiff's symptoms were better on some days and worse on others. For example, at times plaintiff reported that her depression symptoms were better or she presented with a euthymic mood. See AR 1002, 1016, 1083, 1088. However, during this time plaintiff also reported heightened anxiety symptoms, and it was reported that she was not making improvement in her mental health. See AR 1010, 1021, 1088. Therefore, Dr. Cunningham's opinion is not inconsistent with plaintiff's improvement with medication, but rather the ALJ failed to take into account the waxing and waning nature of plaintiff's mental health symptoms. *See Garrison*, 759 F.3d at 1009 (claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment). Accordingly, this was not a specific and legitimate reason to discount Dr. Cunningham's opinion.

**2. Dr. Jaswinder Kumar, MD, Ph.D.**

Jaswinder Kumar, MD, Ph.D., performed a Comprehensive Psychiatric Evaluation of plaintiff on February 10, 2020, and completed a Medical Source Statement. AR 918-923. Dr. Kumar's evaluation consisted of an assessment and a review of available records. AR 918. Dr. Kumar found no evidence of malingering and diagnosed plaintiff with unspecified depressive disorder and unspecified anxiety disorder. *Id*.

Dr. Kumar opined that plaintiff had a limited ability to perform work duties at a sufficient pace, and had a poor ability to maintain regular attendance in the workplace and complete a normal workday without interruptions. AR 918. He opined that plaintiff had a fair ability to interact with coworkers, superiors and the public and adapt to the usual stresses encountered in the workplace, perform simple and repetitive tasks, perform detailed and complex tasks, and perform work activities on a consistent basis without special or additional instructions. *Id*.

The ALJ discounted Dr. Kumar's opinion that plaintiff would have "poor" ability to maintain attendance with her ongoing treatment interventions because it was inconsistent with plaintiff's relatively normal mental status exams, her response to treatment, and her work history. AR 30. The ALJ found Dr. Kumar's conclusions that plaintiff would have some limitations tolerating stress, dealing with interactions, and maintaining work pace to be persuasive. *Id*.

As to the ALJ's first two reasons, for the reasons discussed above, relatively normal mental status examinations and response to treatment are not specific and legitimate reasons for rejecting Dr. Kumar's opinion. *See supra* Section 1.

As to the ALJ's third reason, a claimant's participation in everyday activities indicating capacities that are transferable to a work setting may constitute a clear and convincing reason for discounting that claimant's testimony. *See Morgan v. Comm'r Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir.1999). Here, the ALJ fails to explain how plaintiff's "history of work activity in the past subsequent to childhood issues and the trauma her mother described" undermines Dr. Kumar's opinion that plaintiff would have a "poor" ability to maintain work attendance with her ongoing treatment interventions.

AR 30. Therefore, this is not a specific and legitimate reason for discounting Dr. Kumar's opinion.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). But if the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.; see also Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). The ALJ's error here is not harmless, because had the ALJ properly evaluated the medical opinions of Dr. Cunningham and Dr. Kumar, this would potentially result in a different RFC and would potentially change the ALJ's determination of nondisability.

B. <u>Subjective Symptom Testimony</u>

Plaintiff asserts that the ALJ failed in assessing her mental health conditions. Dkt. 10 at 12. Plaintiff testified that her selective mutism and sensory processing disorder make it hard for her to cope with work environments. AR 114. She testified that stress causes her to freeze up, retreat, and cover her head with her arms. AR 320. Plaintiff additionally testified that her daily activities include watching TV, reading books, and attending medical appointments, and she is no longer able to attend school or church or ride the bus, as she once was before the onset of her conditions. AR 315.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In

assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, then the ALJ may only reject plaintiff's statements about severity of symptoms if the ALJ provides specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The clear and convincing "standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

  The ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, he discounted her statements concerning the intensity, persistence, and limiting effects of these symptoms as not entirely consistent with the medical record and other evidence in the record. AR 25. Specifically, the ALJ noted that plaintiff's selective mutism and sensory processing disorder were only presented in progress notes by history, plaintiff's speech was noted to be within normal limits, plaintiff was able to respond to questions and convey basic information regarding her history and daily functioning during the hearing, strong evidence in the record suggested that plaintiff was seeking an autism diagnosis for the purpose of her disability claim and no diagnosis was offered by a provider in the record, evidence in the record suggested that plaintiff retains the basis to communicate and interact with others in her work setting on a superficial and occasional basis, plaintiff's anxiety and depression were controlled with her outpatient treatment regimen, and there were no clinical signs or symptoms to suggest disabling symptoms of ADHD. AR 27-29.

**Selective Mutism and Sensory Processing Disorder**

With respect to plaintiff's allegations of selective mutism and sensory processing disorder, the ALJ found that "a review of the entire record for the period fails to demonstrate that the source of the diagnosis of these impairments, as they were presented in progress notes by history only." AR 27. The ALJ also found that although plaintiff presented with stuttering and minor word finding issues at times, other times her speech was noted to be within normal limits. *Id*. The ALJ additionally noted that there was no evidence of a referral to speech-language pathology or other treatment. *Id*.

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). However, individual treatment records cannot be interpreted in a vacuum; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164

As for the source of diagnosis, while there is no evidence to suggest where plaintiff was diagnosed with sensory processing disorder other than an "outside psychologist," the record reflects that plaintiff was diagnosed with mutism, stutter, and tremor at the Everett Clinic neurology, where she was receiving treatment. AR 625; *See* AR 553, 560, 596. In a mental health evaluation dated December 29, 2016, Emily Ellison, MS, MHP, LMHC, CDPT diagnosed plaintiff with selective mutism and noted that plaintiff reported that she was originally diagnosed with sensory processing disorder in October of 2014. AR 986-987. Additionally at times in plaintiff's records from the Everett Clinic it was noted that plaintiff had been diagnosed with "sensory hypersensitivity." *See* AR 823, 834, 939, 1112. The entire record reflects that plaintiff

1 was being treated for these conditions and this was not a valid basis for rejecting her
2 testimony.
3       As for a referral to speech language pathology, an ALJ may reject symptom
4 testimony "if the level or frequency of treatment is inconsistent with the level of
5 complaints." See *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Here the record
6 shows that plaintiff was treated for difficulties with speech through counseling. *See* AR
7 492, 508. Additionally, treatment notes reflect that plaintiff was using earphones to
8 manage her selective processing deficits, which slightly improved her symptoms. *See*
9 717, 727, 730. Thus, in discounting plaintiff's testimony for these reasons, the ALJ
10 erred.
11       **Autism**
12       The Ninth Circuit has held that it is proper for an ALJ to consider evidence of
13 secondary gain when considering a plaintiff's symptom testimony. *Matney ex rel.*
14 *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). The ALJ found that "there was
15 a strong implication in the record that the claimant was seeking a diagnosis of autism for
16 the purpose of her disability claim." AR 28. As support for this finding, the ALJ cited
17 multiple treatment notes from plaintiff's providers, particularly where providers indicate
18 that they were attempting to reframe plaintiff's thinking to focus less on the label and
19 more on plaintiff's symptoms, and a note where plaintiff is quoted as saying "it is hard
20 thinking that maybe if people understood my symptoms in the context of autism that
21 things could have been different with school. I guess now I am just hoping it will mean
22 something for my disability." AR 1009-1010; 472.

Drawing an inference of secondary gain from this scant evidence is speculative. See *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (2008) (finding error where an ALJ relied on her own speculation about the claimant's ability to return to his past work instead of persuasive evidence in the record). Plaintiff's lone statement is less than a scintilla and therefore not substantial evidence. *See, Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Additionally, even if the evidence did support this finding, this on its own would not be a sufficient reason to discount plaintiff's symptom testimony. *Ghanim* 763 F.3d at 1165 (desire to obtain disability benefits, standing alone, is not enough to discount the plaintiff's testimony).

**Depression and Anxiety**

A finding that a claimant's condition improved or was controlled with treatment can serve as a clear and convincing reason for discounting her testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability). Here, the ALJ discounted plaintiff's testimony because progress notes indicated that her depression and anxiety symptoms improved with antidepressant and antianxiety medication. AR 28.

For the same reasons this Court has determined that the ALJ improperly considered the medical opinion evidence, the ALJ also erred by improperly discounting plaintiff's testimony, while failing to take into account the waxing and waning nature of mental health symptoms. *See* Section A. Therefore, improvement with treatment is not

a clear and convincing reason to discount plaintiff's testimony with respect to her allegations of depression and anxiety.

### ADHD

The ALJ discounted plaintiff's testimony regarding her ADHD symptoms because "there were no clinical signs or symptoms during the relevant period to suggest disabling limitations." AR 28-29. The record supports this conclusion, however, an ALJ may not reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Therefore, considering that the ALJ did not provide any other clear and convincing reasons to discount plaintiff's testimony, this reason on its own is insufficient.

In sum, the ALJ erred in discounting certain portions of plaintiff's testimony. While substantial evidence supports the ALJ's finding that plaintiff's testimony regarding her ADHD is inconsistent with the record, the ALJ did not provide a rationale to discount the balance of plaintiff's testimony. An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). But if the errors of the ALJ result in an RFC that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.*; *see also Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

The ALJ's error here is not harmless, because had the ALJ properly evaluated plaintiff's symptom testimony, the ALJ may have assessed a different RFC and thus it would potentially change the ALJ's determination on nondisability.

C. <u>New Evidence</u>

Plaintiff asserts that new evidence submitted to the Appeals Council after the ALJ's decision, a medical opinion from Noah O'Donnell, DO (AR 8-9), undermines the ALJ's decision in this case. Dkt. 10 at 10-11. The Appeals Council determined that Dr. O'Donnell's opinion did not impact the disability determination because it was dated July 30, 2021, and the period at issue was through May 4, 2021. AR 2. On request of the Court, the parties have submitted supplemental briefing on the admissibility of Dr. O'Donnell's opinion under sentence four of 42 U.S.C. § 405(g).

The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). Plaintiff is not required to show good cause for failing to produce the new evidence earlier. *See Ramirez*, 8 F.3d at 1451-55; *see also Taylor*, 659 F.3d at 1232.

The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60

(9th Cir. 2012) (emphasis added); s*ee also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) ("[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented *before the agency*") (emphasis added) (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)*.*

Here, the new evidence was an opinion from plaintiff's primary care provider, Dr. Noah O'Donnell, DO, dated July 30, 2021. AR 8-9. The opinion from Dr. O'Donnell states that plaintiff's condition would cause her to be absent from work "most days" of the month, AR 8. Dr. O'Donnell opined that plaintiff's ability to work a full-time sedentary job would be impacted by her inability to focus on tasks for 30 minutes to an hour, her frequent need to isolate, her mutism which is triggered by being asked too many questions, her intolerance to clothes, her fear of interacting/ talking to strangers, and her IBS (irritable bowel syndrome) which sometimes restricts her ability to be away from the restroom. *Id*.

Additionally, Dr. O'Donnell opined that plaintiff would have trouble staying on task for a two-hour period "[m]ore than once a day," and that these lapses in concentration would last "[m]ore than 20 percent of the day." AR. 9. The Appeals Council found that this new evidence did not provide a basis for changing the ALJ's decision, reasoning that it did not relate to the period at issue because it was rendered after the ALJ's May 4, 2021 decision. AR 2.

Dr. O'Donnell's letter does not, however, describe plaintiff's functioning only at a snapshot in time after the relevant period. Rather, Dr. O'Donnell based his letter on his

treatment and observations of plaintiff over two years that she was his patient. *See* AR 9, 639, 752, 1105. Thus, the Commissioner's finding that this opinion does not relate to the relevant period is inaccurate.

In addition, this evidence undermines the ALJ's decision as the ALJ discounted plaintiff's testimony partially because her selective mutism and sensory processing disorder presented only in treatment notes and there were no clinical signs or symptoms to suggest disabling symptoms of ADHD; but Dr. O'Donnell's opinion is an assessment from a medical treating source that indicates that he had diagnosed her with selective mutism, and he opined that her ADHD would severely limit her ability to maintain concentration for any extended period of time throughout the day. *See* AR 27-29; AR 8-9. Additionally, this opinion is consistent with that of. Dr. Cunningham and Dr. Kumar's opinions regarding the limitations stemming from plaintiff's mental impairments. *See* AR 435; AR 918.

    D.  <u>Lay Witness Testimony</u>

Finally, plaintiff asserts that the ALJ erred in failing to provide germane reasons for rejecting plaintiff's mother's lay witness testimony. Dkt. 10 at 17. Plaintiff's mother testified that plaintiff gets overwhelmed very easily by noise and visual stimuli. AR 121. She testified that plaintiff is unable to go in the grocery store because she becomes overwhelmed and breaks down. *Id*. She testified that plaintiff has never been able to drive because of the stress of it and had to drop out of school because of her selective mutism and sensory processing disorder. *Id*.

For cases filed after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as

educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. § 404.1502(e). Yet, the Ninth Circuit has suggested that its pre-2017 standard requiring "germane" reasons to reject lay witness testimony applies to an ALJ's evaluation of lay witness testimony post-2017. *Muntz v. Kijakazi*, No. 22-35174, 2022 WL 17484332, at * 2 (9th Cir. Dec. 7, 2022) (applying "germane reasons" standard to ALJ's evaluation of third-party function report from claimant's husband); *Weitman v. Kijakazi*, No. 21-35748, 2022 WL 17175060, at * 4 n. 4 (9th Cir. Nov. 23, 2022).

Here, the ALJ rejected plaintiff's mother's statements that plaintiff has dealt with social difficulties since age three as inconsistent with evidence that plaintiff was able to work full time in the past, had had friends, dated, and left home to attend parties and other events. AR 28. The ALJ may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Therefore, this was a germane reason to discount plaintiff's mother's testimony.

E.  Remedy

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, plaintiff asks that the Court remand this case for further proceedings. Dkt. 10. The Court has found several errors in the ALJ's evaluation of the medical opinions of Dr. Cunningham and Dr. Kumar, and plaintiff's testimony. The Court has also found that new evidence submitted by plaintiff further undermines the ALJ's decision. The Commissioner is directed to reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing. *See Leon*, 80 F.3d at 1045.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings

Dated this 22nd day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge